Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO<br><br>Peticionaria<br><br>v.<br><br>NCPR, LLC REPRESENTADA POR EL SR. DAVID MICALE, PRESIDENTE Y AGENTE RESIDENTE, CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM), DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES DE P.R.<br><br>Recurridos | TA2025CE00517 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2023CV03163<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de octubre de 2025.

Comparece la parte peticionaria, Autoridad de Carreteras y Transportación de Puerto Rico, y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 8 de julio de 2025, notificada el día siguiente. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de enmienda al Exhibit A presentada por la peticionaria.

Por los fundamentos que exponemos a continuación, se deniega la expedición del auto solicitado.

**I**

El 13 de abril de 2023, la Autoridad de Carreteras y Transportación de Puerto Rico (ACT o peticionaria) instó una

petición de expropiación forzosa para la adquisición en pleno dominio de las Parcelas 100-01B y 100-01C, así como el arrendamiento de la Parcela 100-03.[1] Acompañó dicha petición con el Exhibit A, *Relación de Descripción de las Propiedades a Expropiarse, de la Justa Compensación a Consignarse y de las Personas y/o Entidades con Interés en este Procedimiento.*[2] Como partes con interés, nombró únicamente a NCPR, LLC (NCPR). Además, detalló la justa compensación y las descripciones de las parcelas objeto de la expropiación.

Por su parte, el 12 de junio de 2023, NCPR y Casa de Galt, LLC (Galt) (recurridos), comparecieron a través de una *Moción para Asumir Representación Legal, Autorizaci[ó]n para Intervenir y de Pr[ó]rroga.*[3] Alegaron que, a pesar de NCPR ser el titular registral de la propiedad objeto de expropiación, dicho inmueble fue vendido a Galt el 5 de mayo de 2022. Arguyeron que Galt era el sucesor en derecho de NCPR, por lo que este solicitó intervenir en el caso y comparecer como parte con interés.

Posteriormente, el 10 de agosto de 2023, NCPR y Galt presentaron una *Moción en Cumplimiento de Orden*, a la cual anejaron un *Purchase and Sale Agreement* (contrato) suscrito entre estos en mayo de 2022, enmendado el 8 de marzo de 2023.[4] Según indicaron, habían pactado que el 31 de agosto de 2025 firmarían la escritura de compraventa de la propiedad en cuestión.

El 17 de octubre de 2023, NCPR y Galt presentaron conjuntamente una *Contestaci[ó]n a Petición.*[5] Entre otras cosas, alegaron que ambos tenían derecho de comparecer, sostener su

---

[1] Entrada Núm. 1 del Caso Núm. SJ2023CV03163 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Íd., págs. 14-15.
[3] Entrada Núm. 8 del Caso Núm. SJ2023CV03163 en el SUMAC.
[4] Entrada Núm. 19 del Caso Núm. SJ2023CV03163 en el SUMAC.
[5] Entrada Núm. 30 del Caso Núm. SJ2023CV03163 en el SUMAC.

derecho en el pleito y argüir que la cantidad consignada no era la justa compensación que les correspondía por la expropiación.

Luego de varias incidencias procesales, el 16 de octubre de 2024, notificada el día siguiente, el foro primario emitió una *Resolución* en la que aprobó el Exhibit A enmendado.[6] En particular, la enmienda fue a los efectos de acumular a Galt como parte con interés, en capacidad de ocupante del inmueble en controversia.

Posteriormente, el 31 de enero de 2025, la ACT instó una *Solicitud de Enmienda al Exhibit "A"*.[7] En síntesis, sostuvo que visitó las parcelas objeto de la expropiación y observó que estaban vacantes, por lo que era incorrecto acumular a Galt como parte con interés en concepto de ocupante. Argumentó, además, que Galt no tenía legitimación activa para impugnar el justo valor, ya que solo el titular registral, en este caso NCPR, era a quien le correspondía impugnarlo. Añadió que NCPR no compareció para objetar la mencionada justa compensación. En virtud de lo anterior, solicitó que se eliminara a Galt como parte con interés.

El 10 de marzo de 2025, NCPR y Galt se opusieron a la solicitud de enmienda.[8] En esencia, sostuvieron que el contrato suscrito por ellos, así como la enmienda de este, constituyeron una compraventa de la propiedad en cuestión. Reiteraron su derecho de comparecer en el procedimiento de expropiación por tener un interés legítimo en la propiedad.

En respuesta, el 10 de abril de 2025, la ACT replicó.[9] Argumentó que el referido contrato no era de compraventa, sino un contrato de opción de compra. Sostuvo que, al no concretarse la compraventa, no hubo una transferencia de la parcela y que, por lo tanto, Galt no era dueño de esta. Asimismo, planteó que Galt no

---

[6] Entrada Núm. 45 del Caso Núm. SJ2023CV03163 en el SUMAC.
[7] Entrada Núm. 57 del Caso Núm. SJ2023CV03163 en el SUMAC.
[8] Entrada Núm. 62 del Caso Núm. SJ2023CV03163 en el SUMAC.
[9] Entrada Núm. 66 del Caso Núm. SJ2023CV03163 en el SUMAC.

tenía legitimación activa para impugnar la justa compensación, ya que, según la jurisprudencia vigente, el derecho de impugnación estaba limitado al dueño de la propiedad.

Luego de varios trámites procesales, el 8 de julio de 2025, notificada el día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[10] Mediante dicho dictamen, el foro *a quo* declaró No Ha Lugar la solicitud de enmienda al Exhibit A presentada por la ACT. En particular, el foro primario expresó que Galt tenía un interés sobre los predios expropiados, a base del contrato y la enmienda a este, por lo que no podía ser excluido del Exhibit A. Resaltó, además, que NCPR y Galt notificaron conjuntamente su intención de impugnar la valoración de la justa compensación y que, independientemente de la legitimación activa de Galt, el hecho de la inclusión de este último en la contestación a la petición no invalidaba la comparecencia de NCPR.

Sobre la impugnación de la valoración de justa compensación, el foro sentenciador resolvió que Galt no compareció por cuenta propia, sino en conjunto con NCPR, por lo que este demostró un claro interés en los procedimientos y en la impugnación de la valoración del referido inmueble. Expresó que excluir a Galt del Exhibit A sería patentemente contrario a derecho y rendiría ineficaz la adjudicación final que eventualmente dicte.

Inconforme, el 26 de septiembre de 2025, la parte peticionaria presentó el recurso de epígrafe y señaló el siguiente error:

> Erró el Tribunal de Primera Instancia al concluir que Casa de Galt es una parte con interés en el caso de expropiación forzosa en virtud del Acuerdo de mayo de 2022 entre [e]sta y NCPR,[ ]LLC y su enmienda[,] por lo que excluir a Casa de Galt sería contrario a derecho[,] ya que [e]ste[,] como optante[,] es una parte con interés con derecho a reclamar su interés contra el fondo de la justa compensación.

En cumplimiento con nuestra *Resolución* del 29 de septiembre de 2025, la parte recurrida compareció ante nos mediante

---

[10] Entrada Núm. 76 del Caso Núm. SJ2023CV03163 en el SUMAC.

*Memorando en Oposición a la Expedición del Auto de Certiorari* el 7 de octubre del año corriente.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias

en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)    Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)    Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así

como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

La parte peticionaria plantea en su único señalamiento de error que el Tribunal de Primera Instancia incidió al concluir que Galt es una parte con interés en el caso de expropiación forzosa, por lo que excluirlo sería contrario a derecho.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de enmienda al Exhibit A, promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra.*

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones